RANDOLPH, Justice,
concurring in part and result:
¶ 81. While I agree that the language of Section 15-1-5 is quite clear, its language conflicts with portions of other sections of the same chapter-an issue not raised by the parties, and not considered by the majority, quite correctly. Thus, I join the majority’s disposition, but write to reject the notion that Section 15-1-5 bars the enforcement of a tolling agreement. I discern no logical basis for prohibiting parties in dispute from agreeing to forbear the *1057 affirmative right to assert a statute-of-limitations defense. Thus, had the conflict in statutes been properly raised, it may have produced a different result. As our statutes concerning a waiver of such right are not in harmony, a “one-size-fits-all” application of Section 15-1-5 is neither wise nor just.
¶ 32. Two other sections of the same chapter have provisions that allow parties to enter new agreements, based on existing obligations or contracts, and extend the period in which a claim may be brought, based on the underlying contract. Section 15-1-3 provides that:
[t]he completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy. However, the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon.
Miss.Code Ann. § 15-1-3 (Rev.2003) (emphasis added). In the case sub judice, the parties entered into a set of new promises, including the tolling agreement. REB promised to forebear its right to assert a statute-of-limitations defense in exchange for the Towneses’ promise not to sue within the prescribed period for “defects in the construction of the Residence,” while they together “engage[d] in a review and analysis of the structural settlement issues in order to determine an agreed upon repair” — based on REB’s original legal obligation to construct a defect-free residence. Thus, the original obligation provided consideration for their new promises, including the tolling agreement, which established anew the time in which to file suit.
¶ 33. Section 15-1-73 also supports the validity of a tolling agreement. That section provides as follows, in relevant part:
[i]n actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby. ...
Miss.Code Ann. § 15-1-73 (Rev.2003) (emphasis added). Thus, in contract-based actions (like the one before us today), a promise in writing may constitute a new contract — and extend the time in which to bring the action — when the promise is in a writing signed by the chargeable party. The new agreement, which included the tolling agreement, was in writing and was signed by both REB and the Towneses. Accordingly, both Section 15-1-3 and Section 15-1-73 militate against Section 15 — 1— 5’s prohibition.
¶ 34. To harmonize the statutes, a valid interpretation would be to allow parties to extend statutes of limitations (or repose) by contract, but not to allow either party to shorten the limitation period contractually. If a party can waive the statute-of-limitations defense after suit is filed, what governmental interest can be shown that is greater than the private right to waive it before suit is filed? Parties should not be discouraged from honest efforts to settle and/or compromise disputes, and thereby avoid incurring the attendant expenses and uncertainty of litigation and further burdening the courts — all laudable and desired goals. The full measure of law would be accorded to all. But the opposite is not true: a shortening of the time would thwart the legislative purpose, for various statutes of limitations provide disputing parties a definitive and meaningful time in which to file suit. Thus, parties should be allowed to agree to extend statutes of limitations (or repose) if they believe this to be in their best interest; however, the limita *1058 tion period should not be shortened, absent an act of the Legislature.
CHANDLER, J., JOINS THIS OPINION IN PART.